**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| DOUGLAS EDWARD SCHLOTT,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Cause No. EP-23-CV-445-FM |
| | § | |
| WARDEN, FPC La Tuna,<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Douglas Edward Schlott, federal prisoner number 19188-030, challenges his sentence by attacking his indictment through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Am. Pet., ECF No. 7. His petition is dismissed without prejudice for the following reasons.

## BACKGROUND AND PROCEDURAL HISTORY

Schlott is a 39-year-old inmate currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* www.bop.gov/inmateloc (search for Reg. 19188-030, last visited Mar. 4, 2024). His projected release date is April 6, 2025. *Id.*

Schlott was sentenced on July 13, 2020, to 71 months' confinement after he pleaded guilty to (1) conspiring to distribute a controlled substance and (2) possessing a firearm in the furtherance of drug trafficking. *United States v. Schlott*, 1:19-CR-26-HCA-1 (S.D. Iowa), J. Crim. Case, ECF No. 196 at 1–2. He did not appeal. But on January 5, 2024, he did file a "challenge to the grand jury" under Federal Rule of Criminal Procedure 6(b), and ask the trial court to dismiss his indictment. *Id.*, ECF No. 278. He reasoned the Government had wrongfully induced the grand jury to indict him because he never caused an injury to the United States:

> Defendant was never accused – or proven to have been guilty of – injuring the United States in any manner of right (or property) protected under the law. Instead, the Government (as Plaintiff) failed to adhere to their Constitutional and Statutory

      mandates to comply with Federal Rules of criminal procedure to abuse and manipulate a Federal Grand Jury and Federal Magistrate Court to induce an unlawful and ill-gotten indictment(s) from an Article III court.

*Id*. at 8.

      The Iowa District Court determined Schlott's post-conviction Rule 6 challenge to the indictment was untimely. *Id*., Order, ECF No. 279 at 3. It reasoned Rule 12(b)(3)(A)(v) required a defendant to bring a Rule 6 challenge *before* his conviction—unless he showed good cause for the delay. *Id*. And it found that Schlott failed to offer any cause—good or otherwise—for why he brought his challenge over three years after his conviction. *Id*. The Court added that since Schlott was challenging his conviction by attacking his indictment—and because the Eighth Circuit had not provided guidance on how to properly address a post-conviction Rule 6 motion—it would construe Schlott's pleading as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. *Id.* It accordingly gave written notice to Schlott that it would treat his pleading as a § 2255 motion unless he objected within 30 days. *Id*. at 4. It also ordered Schlott to explain why his motion was timely under the statute of limitations set forth in § 2255(f)—or why the Court should equitably toll the limitations. *Id*. The Court subsequently overruled Schlott's objection to it construing his pleading as a § 2255 motion, dismissed his motion as time barred, and denied him a certificate of appealability. *Id*., Order, ECF No. 282 at 1–3.

      Schlott asserts four grounds for relief in his amended § 2241 petition. Pet'r' Am. Pet., ECF No. 7 at 6–8. First, he claims his indictment was issued in violation of grand jury rules and procedures. *Id*. at 6. Second, he maintains the Government failed to follow restrictive statutory limitations and pursued "issues which were clearly (and solely) Policed by the State of Iowa itself." *Id.* at 7. Third, he asserts the Government was not injured by his conduct and it, therefore, presented a "fictional" case to the grand jury. *Id*. Finally, he argues the "Grand Jury also illegally laid charges

which Congress did not authorize to be heard federally." *Id*. at 8. He asks the Court to order his immediate release from prison. *Id*.

## STANDARD OF REVIEW

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

"A section 2241 petition for habeas corpus [may attack] the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

By contrast, a motion to vacate or correct a sentence pursuant to § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors which occur at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). "[S]econd or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

Consequently, a federal prisoner who wants to challenge his sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may challenge his sentence in a § 2241 proceeding only if his claims fall within the "savings clause" of § 2255(e). *Id.* Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). "Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 599 U.S. at 474. Moreover, § 2255(e) "does not permit a prisoner … to circumvent [the] restrictions [in § 2255(h)] on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

## ANALYSIS

Schlott does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. He challenges his conviction by attacking his indictment. Pet'r's Am. Pet., ECF No. 1 at 6–8. So, his "case concerns the interplay between two statutes: 28 U.S.C. § 2241, the general habeas corpus statute, and § 2255, which provides an alternative postconviction remedy for federal prisoners." *Jones*, 599 U.S. at 469. But Schlott does not identify unusual circumstances which make it impossible or impracticable for him to seek relief from the Iowa District Court. Indeed, he has already sought—and been denied—

relief by the Iowa District Court. Schlott's "prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). And he also does not rely on newly discovered evidence or a new rule of constitutional law to justify granting him relief.

## CONCLUSION AND ORDERS

The Court concludes Schlott cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. It further concludes the claims in his § 2241 petition are not cognizable under § 2255(e)'s savings clause. Hence, it also concludes it plainly appears from Schlott's petition that he is not entitled to relief. It accordingly enters the following orders:

**IT IS ORDERED** that that Schlott's *pro se* amended "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Schlott's petition may be construed as a motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 7th day of March 2024.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**